835 F.2d 874
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alan GARFINKLE, Co-Personal Representative of the Estate of
Mark William Jones, Deceased; Ronald S. Kowitz, Co-Personal
Representative of the Estate of Mark William Jones,
Deceased; Mary Lou Jones, surviving parent of Mark William
Jones, Deceased; Alan Garfinkle, Personal Representative of
the Estate of Roy Lee Jones, Deceased, Plaintiff-Appellant,
and
Roy Lee Jones, surviving parent of Mark William Jones,
Deceased, Plaintiff,
v.
INDIANA GRAIN CO., A DIVISION OF INDIANA FARM BUREAU
COOPERATIVE ASSOCIATION, INC., Defendant-Appellee,
and
Davco Corporation, Defendant.
 No. 87-3062.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 6, 1987.
Decided Dec. 7, 1987.
 
 Ron Kowitz (Alan Garfinkle, on brief), for appellant.
 William Jacob Kobokovich, Jr. (George L. Huber, Jr.; Huber & Lutche, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Davco, a company with expertise in modernizing grain storage facilities, was hired by Indiana Grain to modernize its Baltimore grain storage and handling terminal. In the course of that work Mark William Jones, an employee of Davco, was lowered into an inadequately ventilated grain bin and died of asphyxiation. His mother filed for and received workmen's compensation payments as a result of his death, precluding any tort recovery against his employer, Davco. The present case, seeking to impose tort liability on Indiana Grain, resulted in summary judgment for the defendant at the district court. Because we believe that the district court properly interpreted the relevant Maryland law and that no genuine issue as to any fact material under that law remained, we affirm the entry of summary judgment.
 
 
 2
 After careful analysis of Maryland law the district court concluded that Indiana Grain could not possibly be liable unless it had retained control over that area of its plant in which Davco employees were working. See Rowley v. Baltimore, 305 Md. 456, 464, 505 A.2d 494, 498 (1986). On the basis of the pleadings and uncontradicted affidavits submitted by Indiana Grain the court found that there was no genuine issue of material fact; the uncontradicted evidence showed that Indiana Grain had unambiguously relinquished control of that area to Davco for the duration of the renovation project.
 
 
 3
 The area in which Davco employees worked was physically walled off from the rest of Indiana Grain's premises. Davco had exclusive control of the work performed within the construction area, and all of Indiana Grain's production operations within that area had ceased. The contract assigned to Davco full responsibility for safety within the construction zone and, though Davco was already aware of the dangers connected with grain storage, explicitly warned of the risk of asphyxiation in grain bins and required Davco to notify its employees of all such hazards. These facts disclose that Indiana Grain did not exercise continuing control of the area in which Jones was killed, see Rowley, 305 Md. at 464, 505 A.2d at 498. Nor was Indiana Grain's knowledge of the risks surrounding the grain storage bin superior to that of Davco. See Cutlip v. Lucky Stores, Inc., 22 Md.App. 673, 680-83, 325 A.2d 432, 436-38 (1974).
 
 
 4
 For these reasons and for the reasons set out in the district court's memorandum opinion, the grant of summary judgment is affirmed.